

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00255-CR

---

TARA HUGHES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 110th District Court
Floyd County, Texas
Trial Court No. 4813, Honorable William P. Smith, Presiding

---

July 31, 2023

## MEMORANDUM OPINION

### Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Following a plea of not guilty, Appellant, Tara Hughes, was convicted by a jury of serious bodily injury to a child by omission and sentenced to twenty-five years' confinement.[1]  By a sole issue, she contends the evidence is legally insufficient to support her conviction.  We affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 22.04(a)(1), (e).

BACKGROUND

In July 2019, paramedics responded to a 911 call from Appellant on behalf of her seventeen-month-old daughter for possible heat exhaustion. When they arrived at her residence, Appellant told paramedics her daughter had not been eating or drinking that day. The paramedics noted numerous bruises on the child and asked Appellant what happened. She explained her son, who was two-and-a-half years, played rough with his sister. The paramedics, finding no pulse, performed emergency procedures on Appellant's daughter and transported her to the nearest emergency room. Neither paramedics nor emergency room staff were able to resuscitate her. Appellant's daughter was pronounced dead at the hospital. An autopsy by a forensic pathologist revealed multiple contusions on the head and torso, as well as severe internal hemorrhaging of her internal organs. The pathologist concluded the internal hemorrhaging resulted in restriction of blood flow to the child's brain, depriving it of oxygen, and ultimately causing her death. While the pathologist noted a scabbed-over cut on her scalp, he did not find any hemorrhaging in her brain, ruling out blunt force to the head as the cause of death. The pathologist opined if the child had received emergency medical intervention shortly after receiving her injuries she would have survived.

Appellant claimed her son jumped on her daughter the night before the call to 911. Her daughter complained, but did not cry enough to cause her to seek medical care until the following day, when her daughter stopped eating and drinking. At trial, the forensic pathologist testified children have poor pain management skills and Appellant's daughter would have continually cried in pain from the injuries she received. The emergency room physician who attended to the child also testified the injuries described by the forensic

2

pathologist would have caused pain.  Video interviews were presented to the jury in which Appellant presented inconsistent explanations of the bruising found on her daughter's body.

The matter was presented to a jury, which found Appellant guilty of intentionally or knowingly causing injury to a child by omission for failure to provide medical care.  The jury then sentenced Appellant to twenty-five years' imprisonment.  This appeal followed.

### APPLICABLE LAW

The offense of injury to a child is defined by the Texas Penal Code as follows:

> INJURY TO A CHILD, ELDERLY INDIVIDUAL, OR DISABLED INDIVIDUAL.  (a)  A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, causes to a child, elderly individual, or disabled individual:
>
> > (1)  serious bodily injury;
> >
> > (2)  serious mental deficiency, impairment, or injury; or
> >
> > (3)  bodily injury.

TEX. PENAL CODE ANN. § 22.04(a).

An omission that causes a condition described by section 22.04(a)(1), (2), or (3) is conduct constituting an offense if:

> (1)  the actor has a legal or statutory duty to act; or
>
> (2) the actor has assumed care, custody, or control of a child, elderly individual, or disabled individual.

TEX. PENAL CODE ANN. § 22.04(b).

The Texas Penal Code defines the relevant culpable mental states as:

3

DEFINITIONS OF CULPABLE MENTAL STATES. (a) A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

(b) A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

TEX. PENAL CODE ANN. § 6.03(a), (b).

"Omission" means failure to act. § 1.07(a)(34). "Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. § 1.07(a)(46). "Bodily injury" means physical pain, illness, or any impairment of physical condition. § 1.07(a)(8).

Injury to a child is a result-oriented offense requiring a mental state that relates not to the specific conduct but to the result of that conduct. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The State must prove a defendant caused a child's serious bodily injury with the requisite criminal intent. *Id.* As such, the full statutory definitions of intentional and knowing do not apply. *Chaney v. State*, 314 S.W.3d 561, 567 (Tex. App.—Amarillo 2010, pet. ref'd). Instead, the State must establish the accused intended the result, i.e., serious bodily injury to a child, or that she was aware her conduct was reasonably certain to cause the result. *Id.*

## STANDARD OF REVIEW

The only standard a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required

to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011); s*ee also Alfaro-Jimenez v. State*, 577 S.W.3d 240, 243–44 (Tex. Crim. App. 2019). We consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014) (citing *Jackson*, 443 U.S. at 318–19).

We give deference to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016). Each fact need not point directly and independently to the appellant's guilt, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Id.*

We compare the elements of the offense as defined by a hypothetically correct jury charge to the evidence adduced at trial. *Metcalf v. State*, 597 S.W.3d 847, 856 (Tex. Crim. App. 2020) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). In our review, we must evaluate all of the evidence in the record, both direct and circumstantial and whether properly or improperly admitted. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When the record supports conflicting inferences, we presume the fact finder resolved the conflicts in favor of the prosecution and defer to that determination. *Jackson*, 443 U.S. at 326.

**ANALYSIS**

Appellant challenges the sufficiency of the evidence presented by the prosecution to show she, "by omission, intentionally or knowingly caused serious bodily injury to a child by failing to seek prompt medical treatment" as required by the statute. TEX. PENAL CODE ANN. § 22.04(a)(1). She argues the alleged omission of medical care did not result in serious bodily injury because the serious bodily injury leading to her daughter's death had already occurred.

We begin by addressing the causation issue raised by Appellant. Even if Appellant did not cause the initial injury, if the State demonstrated the lack of prompt medical care aggravated the injury, she has still committed the offense of injury to a child by omission. *See Fellers v. State*, No. 13-08-00688-CR, 2010 Tex. App. LEXIS 4792, at *17–18 (Tex. App.—Corpus Christi June 24, 2010, no pet.) (mem. op., not designated for publication); *Mejia v. State*, No. 03-05-00838-CR, 2008 Tex. App. LEXIS 3964, at *14 (Tex. App.—Austin May 29, 2008, pet. ref'd) (mem. op., not designated for publication). Assuming, arguendo, Appellant's testimony regarding the initial incident is credible, by her own admission she delayed at least twenty-four hours in calling for medical assistance.

In this case, the forensic pathologist who performed the autopsy on the child testified the child would have lived if she had received emergency medical treatment soon after her injury. Therefore, the jury could have inferred the lack of prompt medical care aggravated the initial abdominal injury and caused further injury to the child.

A review of the record also reveals sufficient evidence to establish Appellant intentionally or knowingly caused serious bodily injury by omission. The pathologist and

6

the attending ER physician testified Appellant's daughter suffered extreme pain from the crushing of her pancreas against her spine, and she would have shown age-appropriate signs of distress, including doubling over and moans and groans. Testimony established prominent bruising all over the child's body by the time paramedics arrived at Appellant's house. The child vomited several times on the day of her death, which both the pathologist and ER physician testified are symptoms of blunt force trauma. The jury could have inferred, under these circumstances, Appellant was aware something was wrong with her daughter and still deliberately delayed calling 911. *Fellers*, 2010 Tex. App. LEXIS 4792, at *18 (defendant noted child "breathing real heavy through his nose" and bruising put him on notice to seek medical care); *Payton v. State*, 106 S.W.3d 326, 329–30 (Tex. App.—Fort Worth 2003, pet. ref'd) (grandfather, despite his training as a former emergency medical technician, did not call 911 even though toddler grandson was crying, not walking, and lethargic for an hour).

The State presented sufficient evidence for a rationale fact finder to infer Appellant intentionally and knowingly committed injury to a child by omission of medical care. Appellant's sole issue is overruled.

## CONCLUSION

The judgment of the trial court is affirmed.


Alex Yarbrough
Justice

Do not publish.

7